# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2010

No. 10-20261
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEITH NATHAN SYMMANK,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-59-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Keith Nathan Symmank pleaded guilty to one count of possession of child pornography and was sentenced to 78 months of imprisonment. *See* 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). His plea was in accordance with a plea agreement in which he reserved the right to appeal the denial of his motion to suppress evidence seized at his residence and the district court's failure to conduct an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A search warrant had issued on the affidavit of Gilbert Mendoza, a special agent under Texas law and a U.S. Immigration and Customs Enforcement (ICE) investigator. Mendoza attested that ICE investigators, working with law enforcement in the United Kingdom, had identified Symmank as someone who frequently visited a website that was aimed at individuals having a sexual interest in children. Mendoza attested that Symmank posted messages on the website 639 times and made sexual comments about images posted by others. Further, Mendoza stated that he had viewed log files of text postings by Symmank in which Symmank discussed "websites known to offer images of children posing in a lewd and lascivious manner." According to Mendoza, among the images and texts posted by Symmank were "multiple images of prepubescent female children clothed in panties, bikini's [sic] or shorts posing in a lewd manner with the camera focusing primarily on the genital area of the victims." Mendoza provided more detailed descriptions "of a sampling of the images," namely photographs marked as image # 1, image # 2, and image # 4. Mendoza attested that a prepubescent girl's right nipple is exposed in image # 1 and that her left nipple is exposed in image # 2. Mendoza attested also that image # 4 depicted a pubescent girl wearing a string bikini that exposed her buttocks. The photographs themselves were not shown to the issuing magistrate, but they were filed under seal in the district court in connection with the motion to suppress. The district court denied the suppression motion without a hearing and without entering findings of fact.

Symmank contends first that the search of his residence was illegal because neither the particular images described in Mendoza's affidavit nor the remainder of the affidavit constituted evidence of criminal activity sufficient to support a warrant. Second, Symmank contends that a *Franks* hearing was required because he had properly challenged Mendoza's affidavit and the challenge was accompanied by what he deemed an offer of proof, i.e., his counsel's affidavit. In that affidavit, counsel stated that neither image # 1 nor

image # 2 shows a nipple; instead, he states, each shows "what appears to be the edge of [a nipple's] areola." Counsel also opined that the bikini in image #4 was not a string bikini. Third, Symmank contends that the good faith exception to the exclusionary rule was inapplicable because there could be no reasonable reliance on Mendoza's affidavit because of its alleged falsehoods.

When reviewing the denial of a motion to suppress, we review factual findings for clear error, and we review de novo the trial court's conclusions as to the sufficiency of a warrant and the reasonableness of a police officer's reliance on a warrant. *United States v. Cherna*, 184 F.3d 403, 406 (5th Cir. 1999). Because "the district court entered no factual findings and indicated no legal theory underlying its decision [not to suppress] the evidence obtained in the . . . search, [we] must independently review the record." *United States v. Yeagin*, 927 F.2d 798, 800 (5th Cir. 1991). A district court's ruling to deny a suppression motion should be upheld "if there is any reasonable view of the evidence to support it." *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc) (internal quotation marks and citation omitted). The "more searching review" undertaken if there are no district court factual findings is "guided by [any] testimony [or] other evidence adduced at the suppression hearing." *United States v. Paige*, 136 F.3d 1012, 1017 (5th Cir. 1998). Although there was no testimony offered at a suppression hearing in the present case, the affidavit and the exhibits filed in the district court constitute part of the appellate record. *See* FED. R. APP. P. 10(a)(1).

The motion to suppress should be granted "where a Fourth Amendment violation has been substantial and deliberate." *Franks*, 438 U.S. at 171. One exception to the exclusionary rule provides that "evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause." *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). However, the good faith exception is inapplicable if, for

instance, the issuing judge was misled by information in an affidavit that the affiant knew or should have known was false except for his reckless disregard of the truth. Symmank contends Mendoza's affidavit falls in this category, rendering the good faith exception inapplicable. *See United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006).[1]

An affidavit supporting a warrant carries a presumption of validity. *Franks*, 438 U.S. at 171. Nevertheless, a defendant challenging that presumption is entitled to an evidentiary hearing if he makes a substantial preliminary showing that a statement material to the probable cause finding in a warrant affidavit was knowingly and intentionally false, or was made with reckless disregard for the truth. *Id.* at 155-56. A "challenger's attack must [include] allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id.* at 171. It is insufficient that an affidavit was made negligently or through innocent error. *Id.*

There is no merit to Symmank's contention that the judge who issued the warrant was misled by information in the affidavit that Mendoza knew or should have known to be false. Symmank's counsel's affidavit interpreting and describing three photographs that were described differently by Mendoza does not satisfy Symmank's burden of presenting a challenge that is "more than conclusory." *Franks*, 438 U.S. at 171. The actual pictures filed in the district court under seal show that Mendoza's description of #1 and #2 is substantially correct, and his characterization of #4 is debatable. Even if we accepted Symmank's counsel's view of the pictures, showing that Mendoza's view might

---

[1] Another exception to the good faith exception occurs where the underlying affidavit is "bare bones," i.e., "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* (internal quotation marks and citation omitted). Although Symmank alludes to the bare-bones exception, he has abandoned the issue by not briefing it. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

be the mistaken one is not equivalent to showing that it was the product of a deliberate falsehood or a reckless disregard for the truth. *See Franks*, 438 U.S. at 171. Thus, Symmank has failed to show that he was entitled to a hearing to present evidence on the issue. *See id.* at 171-72. Additionally, he has failed to show that the good faith exception to the exclusionary rule was inapplicable in his case. *See Satterwhite*, 980 F.2d at 320. Because the good faith exception applies, we do not consider whether the affidavit in support of the warrant to search Symmank's residence presented sufficient evidence to establish probable cause. *See Cherna*, 84 F.3d at 407.

We find no reversible error in the district court's refusal to hold a *Franks* hearing or suppress the evidence. Symmank's conviction and sentence are AFFIRMED.